UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Thomas J. Newman and Kelly M. Newman, | ) ) ) | COMPLAINT |
| Plaintiffs, | ) ) | _____ |
| v. | ) ) | |
| GE Money Bank, and Allied Interstate, Inc. | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## COMPLAINT

1. This is an action brought by the Plaintiffs, Thomas J. Newman and Kelly M. Newman, for actual and statutory damages, attorneys' fees, and costs for Defendant Allied Interstate's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), and for Defendant GE Money Bank's violations of the South Carolina Consumer Protection Code, §37-5-108, *et seq*. The Plaintiffs also seek compensatory and punitive damages for the Defendants' violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Florence Division because the Plaintiffs reside in Florence County and the Defendants transacted business in this division.

## PARTIES

4. The Plaintiffs, Thomas J. Newman and Kelly M. Newman, are residents and citizens of the State of South Carolina, Florence County, and are over the age of twenty-one (21) years.

5. The Defendant, GE Money Bank (hereinafter referred to as "GEMB"), is a National Bank with its principal place of business at 1600 Summer Street, Stamford, Connecticut, 06905. GEMB offers consumer lending products, including credit cards. The Defendant GEMB was in all respects and at all times relevant herein doing business in the state of South Carolina. Defendant GEMB may be served through its President and CEO, William H. Carey.

6. The Defendant, Allied Interstate, Inc., ("Allied") is a Minnesota corporation registered to do business in South Carolina with the South Carolina Secretary of State. Allied Interstate, Inc. can be served with process through its registered agent for service of process, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Florence County, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

7. Defendants GEMB and Allied each participated in, and contributed to, the acts that injured and damaged the Plaintiffs as set forth herein below. Each of said parties acted as principal and agent, each of the other, and combined and concurred each with

the other in committing the acts that injured the Plaintiffs herein.

## FACTUAL ALLEGATIONS

8. From November 5, 2009, and continuing through January 19, 2010, the Defendant GEMB, its agents and employees, called the Plaintiffs 70 times with the intent to harass, annoy, and intimidate the Plaintiffs.

9. Defendant GEMB telephoned the Plaintiffs a minimum of six times on January 13; a minimum of four times per day on December 21, January 12, 14, 15, 16; and a minimum of three times per day on November 6, 7, December 19, 20, 22, 23, 27, and January 7 and 9, 2010. Additionally, Defendant GEMB called the Plaintiffs on multiple other days.

10. On or about January 12, 2010, the Plaintiffs filed a Complaint with the State of South Carolina Department of Consumer Affairs regarding the harassing calls from GEMB. In response to the Complaint, on or about February 10, 2010, GEMB assigned, placed and/or transferred the account to Allied Interstate for collection.

11. Immediately after the account was transferred, Defendant Allied began telephoning the Plaintiffs. From February 10, 2010, and continuing through March 3, 2010, Defendant Allied, its agents and employees, called the Plaintiffs 79 times with the intent to harass, annoy, and intimidate the Plaintiffs.

12. On February 15, 2010, Kelly Newman spoke with a representative from Allied Interstate who told her they were calling on behalf of their client, Lowe's GE to collect an unpaid debt of $678. Ms. Newman explained to the representative that she

wasn't working at this time and did not have any money coming in. The representative asked Ms. Newman how her bills were getting paid and Ms. Newman told her they weren't because she did not have any money. The representative asked the same question again and then stated that Ms. Newman was obviously paying for her phone since she answered it. Ms. Newman told her it was not her phone and the representative said she would tell her client and hung up.

13. Thereafter, the Defendant Allied continued to repeatedly call the Plaintiffs up to eight times per day.

14. Defendant Allied telephoned the Plaintiffs a minimum of five times and as many as eight times on each of the following days: February 11, 12, 21, 22, 25, 28 and March 1, 2, and 3. Additionally, the Defendant called the Plaintiff multiple times on other days.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

15. The Plaintiffs adopt the averments and allegations of paragraphs 7 through 14 hereinbefore as if fully set forth herein.

16. Defendant Allied has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiffs' alleged consumer debt.

17. Defendant Allied violated §1692c(a)(1) by contacting the Plaintiffs at a time or place Defendants knew or should have known was inconvenient to the Plaintiffs.

18. Defendant Allied violated §1692d by engaging in conduct the natural consequence

of which was to harass, oppress, or abuse the Plaintiffs by repeatedly telephoning the Plaintiffs with the intent to annoy, abuse, or harass the Plaintiffs in an effort to coerce them into paying a debt in violation of §1692d(5).

19. As a proximate result of Defendant Allied's actions, the Plaintiffs were caused to suffer actual damages for worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, family discord, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
### (Unconscionable Conduct - §37-5-108)

20. The Plaintiffs adopt the averments and allegations of paragraphs 7 through 19 hereinbefore as if fully set forth herein.

21. Defendant GEMB has engaged in unconscionable collection activities and practices in violation of the South Carolina Consumer Protection Code with respect to the Plaintiffs' alleged consumer debt.

22. Defendant GEMB violated §37-5-108(5)(b) by repeatedly calling the Plaintiffs with the purpose to harass and intimidate the Plaintiffs.

23. Defendant GEMB violated §37-5-108(5)(b)(vii) by causing the Plaintiffs' telephone to ring repeatedly during a twenty-four hour period.

24. Upon information and belief, the above violations of the South Carolina Consumer Protection Code by Defendant GEMB entitles Plaintiffs to not less than one hundred ($100.00) dollars and not more than one thousand ($1,000.00) dollars for each violation, as well as attorney fees and costs.

25. The Plaintiffs claim the above statutory damages, attorneys' fees and costs.

## COUNT THREE
### (Unfair Trade Practices - S.C. Code Ann. §39-5-10, *et. seq.*)

26. The Plaintiffs hereby adopt all of the allegations set forth in paragraphs 7 through 25 as if set forth fully herein.

27. The activities of Defendant GEMB constitute "trade or commerce" as defined by South Carolina Code §39-5-10, *et. seq.* (As amended).

28. The actions of Defendant GEMB described above constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, §39-5-10 *et.seq.* and are knowing and willful violations thereof.

29. The Plaintiffs further allege that the actions of Defendant GEMB have a real and substantial potential for repetition and are a threat to the public interest and South Carolina consumers.

30. The Plaintiffs have suffered an ascertainable loss due to the unlawful actions of the Defendant in calling the Plaintiffs' cell phones over 70 times and are entitled, under § 39-5-140, to recover actual damages in an amount to be proven at trial, treble of said actual damages for Defendant's knowing and willful behavior, and an award of reasonable attorney's fees and costs.

## COUNT FOUR
### NEGLIGENT TRAINING AND SUPERVISION

31. The Plaintiffs adopt the averments and allegations of paragraphs 7 through 30

hereinbefore as if fully set forth herein.

32. Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

33. Defendants knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina law.

34. Defendants negligently failed to train and supervise collectors in order to prevent said improper conduct.

35. Defendants negligently failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

36. As a result of the Defendants' negligence, the Plaintiffs suffered humiliation, loss of sleep, anxiety, family discord, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

37. The Plaintiffs adopt the averments and allegations of paragraphs 7 through 36 hereinbefore as if fully set forth herein.

38. Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

39. Defendants knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina law.

40. Defendants recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

41. Defendants recklessly and wantonly failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

42. As a result of the Defendants' recklessness and wantonness, the Plaintiffs suffered humiliation, loss of sleep, family discord, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a judgment against the Defendant as follows:

   a. Statutory damages of $1,000 for each Plaintiff from Defendant Allied for its violations of the FDCPA (15 U.S.C. §1692k);

   b. Actual damages for Defendant Allied's violations of the FDCPA;

   c. Costs and reasonable attorney's fees from Defendant Allied pursuant to 15 U.S.C. § 1692k;

   d. Compensatory and punitive damages against Defendants GEMB and Allied in an amount to be determined by a struck jury on Plaintiffs' state law claims for damages due to the Defendants' Negligent Training and Supervision, and Reckless and Wanton Training and Supervision;

   e. Statutory damages of $1,000 for each of Defendant GEMB's violations of the South Carolina Consumer Protection Code (§ 37-5-108), plus attorney's fees and costs;

   f. Actual damages, for the Plaintiffs' actual damages to be trebled by the Court

as it deems proper, and attorney's fees against Defendant GEMB for its violations of Sections 39-5-10, et seq. of the South Carolina Code;

g. For this matter to be heard by a jury; and

h. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID #10323
Attorney for Plaintiffs

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL**
GE Money Bank (Via Restricted Delivery)
c/o William H. Cary, President and CEO
1600 Summer Street
Stamford, CT 06905

Allied Interstate, Inc.,
c/o C T Corporation System, Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223